[Cite as *Duff v. Duff*, 2014-Ohio-1040.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JENNIFER FLINT DUFF

  Petitioner-Appellant

-vs-

ROBERT WALLACE DUFF

  Respondent-Appellee

JUDGES:
Hon. John W. Wise, P. J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 13 CA 23


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 13 DV 213 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | March 14, 2014 |


APPEARANCES:

For Petitioner-Appellant

MICAELA DEMING
5384 Whispering Oak Boulevard
Columbus, Ohio 43206

For Respondent-Appellee

ROBERT WALLACE DUFF, PRO SE
12171 East Pike, Apartment B
Cambridge, Ohio 43725

*Wise, P. J.*

**{¶1}.** Appellant Jennifer Flint Duff appeals from the Guernsey County Court of Common Pleas, which dismissed her pending action for a domestic violence civil protection order and motion for contempt of court against  Appellee Robert Wallace Duff. The relevant facts leading to this appeal are as follows.

**{¶2}.** On May 6, 2013, appellant filed a filed a petition for a domestic violence civil protection order ("DVCPO") against appellee.

**{¶3}.** The trial court thereupon granted an ex parte DVCPO naming appellant and her daughter as protected parties. A hearing on the matter was set for May 14, 2013.

**{¶4}.** Following said hearing, the magistrate issued an order on May 15, 2013, stating inter alia that "testimony and evidence was received but the case was not completed." The order also stated that the "parties agreed that the ex parte order shall remain in effect until August 6, 2013, or until either party files a divorce and temporary order issues, whichever comes first."

**{¶5}.** On May 23, 2013, appellant filed a motion for contempt and an affidavit in support, alleging that appellee had violated the ex parte order.

**{¶6}.** On May 24, 2013, appellee filed a "motion to set aside magistrate's decision (sic)," with a request for findings of fact  and conclusions of law.

**{¶7}.** On May 28, 2013, the trial court issued a judgment entry ordering appellee to appear and show cause why he should not be held in contempt, setting the date for June 19, 2013.

{¶8}. On May 29, 2013, the trial court issued another entry stating that "The Motion to Set Aside Magistrate's Decision; and Motion for Findgins [sic] of Fact and Conclusions of Law shall come before the Court on June 14, 2012 [sic] without oral hearing on the pleadings then before the Court.  * * * [T]he parties need not appear but should file all other pleadings/information they wish the Court to consider * * *."

{¶9}. On June 4, 2013, appellee filed a request for continuance and a request for jury trial.

{¶10}. On June 6, 2013 the trial court, *sua sponte,* entered an order stating that the case had "not been completed within the appropriate time frame (30 days from filing) and, therefore, the court lacks jurisdiction."

{¶11}. Thus, the trial court dismissed the DVCPO without further hearing, and also cancelled the contempt hearing scheduled for June 19, 2013.

{¶12}. Appellant herein raises the following three Assignments of Error:

{¶13}. "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING APPELLANT'S PETITION FOR A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER FOR LACK OF JURISDICTION.

{¶14}. "II. THE TRIAL COURT'S DISMISSAL RESULTED IN A VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS AND EFFECTIVELY LEFT HER AND HER DAUGHTER WITHOUT LEGAL PROTECTION AGAINST HER ALLEGED PERPETRATOR.

{¶15}. "III.  THE TRIAL COURT ERRED AS A MATTER OF LAW IN SUMMARILY DISMISSING APPELLANT'S MOTION FOR CONTEMPT UPON ERRONEOUSLY DISMISSING HER CIVIL PROTECTION CASE."

I.

**{¶16}.** In her First Assignment of Error, appellant maintains the trial court erred in dismissing her petition for a DVCPO on jurisdictional and timeliness grounds. We agree.

**{¶17}.** The trial court in the case sub judice relied on Superintendence Rules 37 and 39, which appear to set forth a one-month guideline for the disposition of domestic violence cases in the domestic relations division of common pleas courts. Certainly, "[t]he Rules of Superintendence were designed to secure the prompt and efficient disposition of cases." *Daniels v. Daniels*, 5th Dist. Licking No. 13–CA–87, 2014-Ohio-83, ¶ 13. However, it is well-recognized that the "Rules of Superintendence are only general guidelines for the court to follow at its discretion ***." *See In re K. V.,* 6th Dist. Lucas No. L–11–1087, 2012-Ohio-190, ¶ 27.

**{¶18}.** In *Daniels*, *supra*, the parties to a divorce action had reached an in-court settlement, but the planned final written agreement apparently "fell apart." *See id.* at ¶ 3. The husband thereafter filed several motions with the trial court. The court ultimately dismissed the entire case, citing to the passage of time in relation to the "Ohio Supreme Court guidelines." *Id.* at ¶ 4. Upon the wife's appeal, we reversed, stating that "[t]o dismiss a case because the guideline for disposition has been exceeded and advising the parties it can be refiled—thereby beginning anew the start of the clock—does not serve [the purpose of the Superintendence Rules], but rather thwarts it." *Id.* at ¶ 13.

**{¶19}.** In the case sub judice, it appears from the record that the magistrate, having heard evidence on the DVCPO petition, issued an order simply keeping the ex parte order in place rather than issuing a decision on the merits, stating at the end of the hearing that "[w]e either have to have more testimony in this case, or we have to have a

temporary orders hearing in the divorce action because I don't have time today." *See* Tr. at 71.[1] Upon review, we find our rationale in *Daniels* applicable to the circumstances of the present case. We thus find merit in appellant's contention that the trial court erred in thereafter dismissing the case and failing to finalize a decision on the DVCPO petition. Furthermore, we note appellee has not filed a brief in response to this appeal. App.R. 18(C) states in pertinent part: "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

**{¶20}.** Accordingly, appellant's First Assignment of Error is sustained.

II.

**{¶21}.** In her Second Assignment of Error, appellant maintains the trial court violated her right to due process of law by dismissing her petition for a DVCPO on jurisdictional and timeliness grounds.

**{¶22}.** In light of our above conclusions, appellant's Second Assignment of Error is found to be moot.

III.

**{¶23}.** In her Third Assignment of Error, appellant maintains the trial court erred in dismissing her contempt action.

---

[1] It does not appear a divorce action had been filed as of the time of the DVCPO hearing. See appellee's comments to the magistrate at Tr. 71, Lines 22-24.

**{¶24}.** In light of our above conclusions, the issue of contempt is again ripe for review by the trial court, and therefore appellant's Third Assignment of Error is sustained.

**{¶25}.** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby reversed and remanded to the trial court for further proceeding in accordance with law.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/d 0228